IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS ALFREDO CARRASCO, | § | |
|   PLAINTIFF, | § | |
| | § | |
| v. | § | CASE NO. 3:21-CV-3196-L |
| | § | |
| UNITED STATES POSTAL SERVICES, | § | |
| UNITED STATES OF AMERICA, AND | § | |
| ISMAIL ABDUL AL-HILAL, | § | |
|   DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 16, *Defendant United States Postal Service's Motion to Dismiss*, Doc. 12, has been referred to the undersigned United States magistrate judge for determination. For the reasons that follow, the motion should be **GRANTED**.

I. BACKGROUND

Plaintiff filed this negligence action against Defendants under the Federal Tort Claims Act ("FTCA"), alleging that Defendant Ismail Abdul Al-Hilal, a United States Postal Service ("USPS") employee, negligently collided with Plaintiff's car while on duty and driving a USPS mail truck. Doc. 1. The USPS has filed the instant motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Doc. 12. By its motion, the USPS argues that the Court lacks subject matter jurisdiction over Defendant USPS because neither federal agencies nor employees are subject to suit under the FTCA. Doc. 12 at *passim*. Plaintiff did not file a response.

## II. APPLICABLE LAW

A Rule 12(b)(1) motion to dismiss challenges a federal court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate [it]." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The party asserting that jurisdiction exists bears the burden of proof. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (stating that the plaintiff bears the burden of establishing jurisdiction). If a plaintiff fails to meet his burden, a court may dismiss a claim for lack of subject matter jurisdiction based on the complaint alone. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

The United States may not be sued without its consent, and its consent is a prerequisite for jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (citations omitted). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies," such as the USPS, "from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). The FTCA waives the Government's sovereign immunity from tort claims that arise from the negligent or wrongful acts or omissions of federal employees in the course of their employment. 28 U.S.C. § 1346(b)(1). That said, only the United States, and not its agencies or employees, may be sued under the FTCA. 28 U.S.C. §§ 2679(b)(1); *see also McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) ("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant.").

2

### III. ANALYSIS

As the USPS correctly argues, the United States is the only proper defendant under the FTCA. Accordingly, this Court lacks subject matter jurisdiction to adjudicate the claims against the USPS and its employee, Defendant Ismail Abdul Al-Hilal.[1] *Galvin*, 860 F.2d at 183. Thus, Plaintiff's FTCA claim should be **DISMISSED** as to these Defendants. *See Id.* ("[A]n FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction.") (citations omitted).

### IV. CONCLUSION

For the foregoing reasons, *Defendant United States Postal Service's Motion to Dismiss*, Doc. 12, should be **GRANTED**, and Plaintiff's claim against the USPS and Defendant Ismail Abdul Al-Hilal should be **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** March 22, 2023

*/s/ Renee Harris Toliver*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Although no motion to dismiss has yet been filed on behalf of Defendant Ismail Abdul Al-Hilal, a USPS employee at the time of the accident at issue, dismissal is nonetheless appropriate as to the claim against him. Plaintiff clearly alleges only the FTCA claim as to all three Defendants, stating in his Complaint that "this lawsuit arises out of the negligence of Defendant ISMAIL ABDUL ADA AL-HILAL while he was acting within the course and scope of his employment by Defendants UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE, and this lawsuit is therefore brought pursuant to the Federal Tort Claims Act." Doc. 1 at 3-4. Thus, for the reasons stated here, this FTCA action also should be dismissed, *sua sponte*, as to Defendant Ismail Abdul Al-Hilal for lack of subject matter jurisdiction. *See Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001) (the court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).